| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| Scura, Wigfield, Heyer, Stevens & Cammarota, LLP<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Telephone: 973-696-8391<br>David L. Stevens, Esq.<br>dstevens@scura.com<br>*Counsel for Debtor* |
| In re:<br><br>KARAMJEET S. SODHI & MEENA SODHI,<br>      Debtor. |

Case No. 21-17033

Chapter 11, Subchapter V

Hon. Judge: Christine M. Gravelle

Hearing Date & Time: 12/19/2023 at 10 a.m.

**ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF**

  The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED**.

(Page 2)

| | |
|---|---|
| Debtors: | KARAMJEET S. SODHI & MEENA SODHIs |
| Case No.: | 21-17033 |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF |

**THIS MATTER** being brought before the Court by the debtors-in-possession in the above referenced matter, Karamjeet Sodhi and Meena Sodhi (the "Debtors"), by and through the undersigned counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, by way of the motion for entry of an order authorizing the sale of real property (the "Sale") located at 14 St. James Street, Monroe, New Jersey (the "Property"), (ii) authorizing compensation to retained professionals for approved fees and costs from sale proceeds; and (iii) waiving the fourteen-day stay; (the "Motion"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O) and (c) notice of the Motion and proposed form of order was served on those parties required to receive notice pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local Bankruptcy Rules; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of the Motion is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

B. Approval of the Sale is in the best interest of the Debtors, the Debtors' creditors, and the Debtors' bankruptcy estate.

C. The Debtors have articulated sound business reasons for consummating the Sale of the Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the Sale at this time.

| | |
|---|---|
| Debtors: | KARAMJEET S. SODHI & MEENA SODHIs |
| Case No.: | 21-17033 |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF |

D. The Debtors have entered into a contract for sale (the "Purchase Agreement") to sell the Property located at 14 St. James Street, Monroe, NJ to Nirmal Suratia and Tanu Javeri (the "Purchasers") in accordance with, and to the extent permitted by, Bankruptcy Code Section 363.

E. The final purchase price of $1,225,000.00 to be paid by Purchasers pursuant to the Purchase Agreement is fair consideration and constitutes reasonably equivalent value for the Property.

F. The Purchasers are purchasers in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the Sale. The Sale was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and therefore, the Purchasers are entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale. Neither the Debtors nor the Purchasers have engaged in any conduct that would cause or permit the Sale to be voided, nor that would justify the imposition of costs or damages, under Bankruptcy Code Section 363(n).

G. Kunal Sodhi (the "Realtor/Broker and son"), is a retained professional who paid $150.00 in a listing service fee as part of the marketing efforts of the Property.

H. As evidenced by the certificates of service filed with the Court, (i) proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code sections 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014; (ii) such notice was good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Motion or the entry of this Order shall be required.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

(Page 4)

| | |
|---|---|
| Debtors: | KARAMJEET S. SODHI & MEENA SODHIs |
| Case No.: | 21-17033 |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF |

1. All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Motion is granted as provided herein.

2. The Sale and all ancillary documents and transactions contemplated therein, including the transfer of the Property by Debtors to the Purchasers, is approved and authorized under the Bankruptcy Code, including sections 105 and 363 thereof.

3. The transfer of the Property. by Debtors to Purchasers upon closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

4. The consideration to be provided by the Purchasers in exchange for the Property is hereby deemed to constitute reasonably equivalent value and fair consideration.

5. Pursuant to Bankruptcy Code section 363(b), the Debtors are hereby authorized to sell and transfer the assets pursuant to and in accordance with the terms and conditions of the Purchase Agreement between the Debtors and Purchasers, and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated in connection with the Sale without any further authorization of the Court.

6. Customary closing adjustments payable by the Debtors for municipal charges or assessments shall be satisfied from the proceeds of the Sale at closing.

7. The Realtor-Broker and son shall be reimbursed the $150.00 listing service fee from the sale proceeds at closing.

Debtors:         KARAMJEET S. SODHI & MEENA SODHIs
Case No.:        21-17033
Caption of Order: ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF

8. The Buyer's Broker shall be paid her 2% commission from the sale proceeds at closing, and without the need for a separate application for compensation.

9. Unless otherwise provided by this Order, the mortgage lien held by LoanCare, LLC shall be paid at closing in accordance with a valid payoff provided by LoanCare, LLC, plus any interest accrued and outstanding thereon through the date of closing.

10. Unless otherwise provided by this Order, the mortgage lien held by ABS Loan Trust VI shall be paid at closing in accordance with a valid payoff provided by ABS Loan Trust VI plus any interest accrued and outstanding thereon through the date of closing.

11. Approved compensation of the Debtors' Bankruptcy Counsel and the Standing Subchapter V Trustee are to be paid in full from the Sale Proceeds at closing.  To the extent non-exempt net sale proceeds are insufficient for payment in full of Administrative Expense Claims, Counsel shall be paid from exempt sale proceeds.  An additional reserve shall be established to pay additional compensation applications by Debtors' Bankruptcy Counsel and the Standing Subchapter V Trustee.

12. The net sale proceeds will be held by Debtors' Bankruptcy Counsel and distributed according to the Debtors' First Amended Chapter 11 Subchapter V plan.

13. Except for those allowed secured claims held by LoanCare, LLC and ABS Loan Trust VI, real property taxes, and municipal charges encumbering the Property, all of which shall be paid at closing; thereafter title to the Property shall pass to Purchasers pursuant to, and to the fullest extent permitted by, Bankruptcy Code section 363 and all other applicable laws, free and clear of any and all liens, claims, interest and encumbrances of the Debtor, including, but not limited to: (i) tax liens; (ii) any Notice of Lis Pendens filed against the Debtors and the Property; (iii)

(Page 6)

| | |
|---|---|
| Debtors: | KARAMJEET S. SODHI & MEENA SODHIs |
| Case No.: | 21-17033 |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF |

any Realty Transfer Fee imposed upon the recording of deeds evidencing transfers of title to real Chestnut Property in the State of New Jersey pursuant to N.J.S.A. 46:15 et seq.; (iv) any lien, replacement lien, claim, interest or charge granted to any party under any Order entered in this case; and (v) mechanics', materialmen's and other consensual and non-consensual liens and statutory liens, security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in Bankruptcy Code section 101(5)), reclamation claims, malpractice claims, tort claims, any liability or obligations under COBRA, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic government entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, and in such case whether secured or unsecured, choate or inchoate, filed or unfilled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the Debtors' interest in the net sale proceeds with the same priority, validity, force, and effect as they existed with respect to the Property before the

(Page 7)

| | |
|---|---|
| Debtors: | KARAMJEET S. SODHI & MEENA SODHIs |
| Case No.: | 21-17033 |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF |

closing, subject to any and all rights, claims, defenses, and objections of the Debtor and any other party-in-interest.

14. The Sale constitutes legal, valid, and effective transfers and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property.

15. All objections to the Sale of the Property that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

16. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the assets free and clear of Liens and Claims.

17. The provisions of this Order shall be self-executing, and neither the Debtors, Purchasers, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Sale.

18. The Sale approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Bankruptcy Code section 363(n).

(Page 8)

Debtors: KARAMJEET S. SODHI & MEENA SODHIs
Case No.: 21-17033
Caption of Order: ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING OTHER AND RELATED RELIEF

19. Notwithstanding Bankruptcy Rule 6004(h) this order authorizing the sale of real Property. shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry.